Argued May 6, affirmed July 23, 1971

SALISBURY, *Respondent, v.* JOHN HANCOCK
MUTUAL LIFE INSURANCE CO., *Appellant.*

486 P2d 1279

*James H. Clarke,* Portland, argued the cause for
appellant. With him on the briefs were McColloch,
Dezendorf, Spears & Lubersky and Herbert H. Ander-
son, Portland.

*Stephen S. Walker,* Portland, argued the cause for respondent. With him on the brief was James B. Pfouts, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE, and HOWELL, Justices.

HOLMAN, J.

This is an action to recover under the double indemnity provisions of an insurance policy which were applicable in case of accidental death. Defendant appealed from a judgment for plaintiff after a trial by the court.

Plaintiff's decedent had cancer of the brain which rendered him weak, spastic, and unable to control his movements fully or to stand by himself. He was a bed patient in a nursing home. Side rails and a chest strap were used to keep him from getting out of bed. The trial court found that he had attempted to get up and, in so doing, became entangled with the chest strap, whereby he strangled to death. In our opinion, there was sufficient evidence to sustain such a finding. There was also evidence from which it must necessarily be concluded that the accident would not have occurred but for decedent's debilitated condition resulting from disease.

The policy of insurance in question provided that double indemnity would be payable:

"* * * Upon receipt * * * of due proof of the accidental death of the Insured which directly shows that: (1) Death resulted solely from an accidental bodily injury * * *."

It defined "accidental death" as:

"* * * death resulting directly and solely from * * * [a]n accidental injury * * *."

It further provided that the benefit was not payable if:

"* * * the Insured's death results, directly or indirectly, or wholly or partially, from (1) Any infection or bodily or mental infirmity or disease existing before or commencing after the accidental injury, * * *."

The thrust of defendant's assignments of error is to the effect that the trial court was mistaken in finding that decedent's death came about directly and solely as the result of an accidental injury and that it did not result directly or indirectly from any bodily or mental infirmity or disease.

1. This court has recently and previously dealt with the construction of similar policies in situations where the insured had an accident, and injuries suffered in the accident combined with a pre-existing infirmity or disease *to cause his death. See Tabler v. Standard Insurance,* 257 Or 166, 477 P2d 709 (1970), and *Perry v. Hartford Acc. and Ind. Co.,* 256 Or 73, 471 P2d 785 (1970). We held there that where previous infirmity or disease substantially contributed to *death or disability,* there is no coverage. We are now met with a different situation in which the insured had a pre-existing infirmity or disease which was a *cause of the accident,* but death was caused solely as the result of injuries suffered in the accident and not by virtue of the disease or infirmity itself.

In the present situation, death resulted solely from asphyxiation caused by strangulation, and was a death "* * * resulting directly and solely from * * * an accidental injury * * *." The exclusion from coverage relates to the cause of death—not to a cause of the accident. Decedent died from strangulation—not cancer. For cases in which the same result is reached

in the face of not always identical but somewhat similar language, *see: Manufacturers' Accident Indemnity Co. v. Dorgan,* 58 F 945, 954 (6th Cir 1893), 22 LRA 620; *Sturm v. Employers' Liability Assur. Corp. Ltd.,* 212 Ill App 354, 364 (1918); *Wells v. Prudential Insurance Co.,* 3 Mich App 220, 142 NW2d 57 (1966); *Dickerson v. Prudential Ins. Co.,* 158 Pa Super 596, 46 A2d 33 (1946); *Speer v. West. & South. Life Ins. Co.,* 158 Pa Super 61, 43 A2d 562, 566 (1945). There are, of course, cases to the contrary, as the subsequently cited decision of this court indicates.

2. If it was the intention of the defendant that the policy not cover death caused solely as the result of injuries suffered in an accident where a cause of the accident is infirmity or disease, it should have more clearly expressed such intention. Ambiguous policies are construed against the company which draws them.

Defendant rests its contention upon *Seater v. Penn. Mut. Life Ins. Co.,* 176 Or 542, 156 P2d 386, 159 P2d 826 (1945), in which the decedent died as the result of a fall probably caused by previous infirmity and the plaintiff was not allowed to recover. Plaintiff attempts to distinguish the case. It cannot be distinguished and is overruled.

The judgment of the trial court is affirmed.