ADA GRANSON WILLIAMS v. PILOT LIFE INSURANCE COMPANY

No. 7414DC1022

(Filed 7 May 1975)

**Insurance § 50— accident policy — death resulting from accidental bodily injury — fall in kitchen**

The evidence supported the trial court's determination that insured suffered "an accidental fall" and that her death "was solely as a direct result thereof and independent of all other causes" within the meaning of an accident policy in this action wherein it was not disputed that the death of the insured was caused by a blow to her head sustained when she fell in the kitchen of her home, plaintiff's evidence tended to show that insured fell when her foot slipped on the recently mopped floor, and defendant's evidence tended to show that insured fell as a result of a seizure which caused her suddenly to become stiff.

Judge HEDRICK concurring.

Judge CLARK dissents.

APPEAL by defendant from *Moore, Judge.* Judgment entered 5 September 1974 in District Court, DURHAM County. Heard in the Court of Appeals 18 February 1975.

Civil action to recover under a policy of accident insurance. The case was submitted to the court without a jury, and the parties stipulated that the sole issue to be determined was whether the insured died "solely as a direct result, and independent of all other causes, of accidental bodily injury," as set forth in the policy. There is no dispute that the death of the insured was caused by a blow to her head which she sustained when she fell in the kitchen of her home. The only dispute is over what caused the fall. Plaintiff's evidence tended to show that the insured fell as a result of her foot slipping on the kitchen floor, which had only shortly before been mopped. Defendant's evidence tended to show that the insured fell as a result of a seizure which caused her to become suddenly stiff.

The court entered judgment making findings of fact, including the following:

"That upon the hearing of the evidence, the Court further finds as a fact that the insured suffered an accidental fall in her home on April 3, 1973, and as a result of said fall died on April 5, 1973. That said death was solely as a direct result thereof and independent of all other causes, which resulted in accidental bodily injury and death of the insured. . . . "

From judgment that plaintiff recover the amount payable under the policy for the death of the insured, defendant appealed.

*Eugene C. Brooks III for plaintiff appellee.*

*W. O. King and R. Hayes Hofler III for defendant appellant.*

PARKER, Judge.

When judgment was announced, defendant made and the court denied the following motion:

"That the Court make specific findings of facts as to whether the decedent had (a) slipped and fallen or (b) became suddenly stiff and fallen or (c) the court was concluding that the fall was accidental regardless of whether decedent slipped and fell or suddenly became stiff and fell."

Williams v. Insurance Co.

Defendant concedes that if (a) is true, plaintiff is entitled to recover, but contends that if (b) is true, plaintiff is not, and if (c) is true, the court erred and defendant is entitled to a new trial in which the court must specifically find whether (a) or (b) is true. Defendant further contends that the judgment does not make it clear on which basis the court proceeded. The trial court did expressly find, however, that the insured suffered "an accidental fall" and that her death "was solely as a direct result thereof and independent of all other causes." In my opinion these findings are fully supported by any view of the evidence and in turn support the judgment for plaintiff entered thereon.

The policy provided that defendant insurance company would pay death benefits if the insured's death occurred "solely as a direct result, and independent of all other causes, of accidental bodily injury" sustained while the policy was in effect. All of the evidence shows that the insured's death occurred solely as a result of the blow to her head which she received when she fell, and in its brief defendant concedes that "[t]here is no dispute in this case that the death of the insured was caused by a blow she sustained as a result of a fall." Thus, there was here neither evidence nor contention that death was due to a seizure or to illness or to any bodily infirmity whatever other than the injury caused directly by the blow to the insured's head. The question presented, therefore, is whether the injury so caused was an "accidental bodily injury," as those words are used in the policy, even though the fall which resulted in the blow to the head might itself have been caused by a sudden seizure. I hold that it was.

When confronted with a case involving a policy of accident insurance, the courts should interpret the policy words "accident" and "accidental" as those words are commonly understood in ordinary popular usage, for that is the sense in which they are understood by those who purchase such policies. If those words are to have a more restricted meaning, the burden of making that clear should be upon the insurance company which drafts the policy and sells it to the public. In common usage the words "accident" and "accidental" are used to describe some sudden, untoward event, happening apparently by chance, taking place unexpectedly, and not according to the usual course of events. I submit that in common understanding one whose head is bashed against some hard object because he "suddenly became stiff and fell" has suffered an "accident" no less than

one who suffers the same injury because his foot slipped and he fell. Even if the fall was caused by some sudden seizure or illness, it was completely fortuitous that the decedent would fall in such a manner as to strike her head violently upon the floor. In the present case the policy had been in effect for more than ten years. There was no evidence that prior to her fatal injury the insured had ever fallen or had ever suffered any seizure of any nature. In my opinion she suffered an "accidental bodily injury" within the meaning of the policy, whether she slipped and fell or suddenly became stiff and fell. Since there is no dispute that her death ensued "solely as a direct result, and independent of all other causes," of the bodily injury which she received in the fall, plaintiff is entitled to recover.

This holding is supported by the decision in *Salisbury v. John Hancock Mut. Life,* 259 Or. 453, 486 P. 2d 1279 (1971), in which the Supreme Court of Oregon expressly overruled one of its prior decisions in order to sustain recovery under an accident insurance policy which extended coverage for "death resulting directly and solely from * * * [a]n accidental injury" in a case in which the insured had a preexisting infirmity or disease which was a cause of the accident, but death was caused solely as the result of injuries suffered in the accident and not by virtue of the disease or infirmity itself. In the opinion in that case the Court said:

> "If it was the intention of the defendant that the policy not cover death caused solely as the result of injuries suffered in an accident where a cause of the accident is infirmity or disease, it should have more clearly expressed such intention. Ambiguous policies are construed against the company which draws them." 259 Or. at 456.

Although decided against the background of differing factual situations and varying policy language, other cases which support the decision here are: *Manufacturers' Accident Indemnity Co. v. Dorgan,* 58 F. 945 (6th Cir. 1893), 22 L.R.A. 620 (1905) (opinion by Taft, Circuit Judge, later Chief Justice of the United States Supreme Court) ; *Fairclough v. Fidelity & Casualty Co.,* 297 F. 681 (D.C. Cir. 1924) ; *Wells v. Prudential Insurance Co.,* 3 Mich. App. 220, 142 N.W. 2d 57 (1966).

Cases cited and relied on by defendant are distinguishable. In *Skillman v. Insurance Co.,* 258 N.C. 1, 127 S.E. 2d 789 (1962), the insured's automobile was seen to leave the highway and run

Williams v. Insurance Co.

down the bank and into the river. The autopsy disclosed that the insured died from a heart attack and not from drowning or traumatic injuries. The jury returned verdict finding the insured's death was not caused by accidental means, and on plaintiff's appeal from judgment on the verdict, our Supreme Court found no error. In *Chesson v. Insurance Co.*, 268 N.C. 98, 150 S.E. 2d 40 (1966), the injured was seen suddenly to jump straight backwards, striking his head on a cement floor. The accident indemnity portion of the policy involved in that case provided for payment upon proof that the insured sustained bodily injury resulting in death "through external, violent and accidental means, death being the direct result thereof and independent of all other causes" and excluded coverage if death occurred "from disease or from bodily or mental infirmity in any form." 268 N.C. at 99. In holding that nonsuit should have been granted as to plaintiff's claim for recovery under the accident indemnity portion of the policy, the opinion of our Supreme Court pointed out:

> "If he jumped backwards voluntarily, the fall was not through accidental means. . . . If he jumped backwards involuntarily as a result of a stroke brought on by hypertension, delirium tremens, or some other disease, mental or physical infirmity, the fall was not the sole cause of his death, and insured's death is not covered by the policy." 268 N.C. at 104.

It should be noted that, unlike the case now before us, the controlling policy language in both *Chesson* and *Skillman*, provided coverage only for death caused by "accidental means," and the opinion of the Court in each case recognized the distinction between the terms "accidental death" and death by "accidental means." Although I am reluctant to enter upon the "Serbonian Bog" which the maintenance of that distinction creates in this branch of the law, *see* Annot., 166 A.L.R. 469, 476 (1947), it is a distinction still recognized by our Supreme Court and serves as one basis for distinguishing those cases from the one now before us.

The judgment appealed from is

Affirmed.

Judge HEDRICK concurs.

Judge CLARK dissents.

Judge HEDRICK concurring:

In my opinion *Chesson v. Insurance Co., supra,* insofar as it relates to the decision in this case, simply stands for the proposition that there was no competent evidence in the record to support the jury's finding that Chesson's "fall was accidental" and hence that his death was "caused by accidental means." Since all parties agreed here that the insured's death "was caused by a blow she sustained as a result of a fall," the only question before the trial judge was whether the fall was "accidental." Unlike *Chesson* where the matter was "left to conjecture," there is competent evidence in the record before us that the insured fell as a result of her foot slipping on the kitchen floor, which had only shortly before been mopped. Thus, there is competent evidence in the record to support Judge Moore's finding that Mrs. Williams "suffered an accidental fall" and this finding supports the judgment.