Argued and submitted April 30, reversed and remanded August 11, reconsideration denied September 18, petition for review allowed September 30, 1980

## MEHRER,
*Appellant,*

*v.*

## INA LIFE INSURANCE COMPANY,
*Respondent.*

(No. 7806-09794, CA 14870)

614 P2d 1234

Argued and submitted April 30, 1980.

Gregory W. Byrne, Portland, argued the cause and filed the briefs for appellant.

Katherine H. O'Neil, Portland, argued the cause for respondent. With her on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, James D. Huegli and Ridgway K. Foley, Jr., Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

This action was brought by the beneficiary of an insurance policy to recover benefits for the death of his father under an insurance policy issued by defendant through the "Chevron Travel Club." Defendant had denied the claim on the basis that the insured did not die as a result of accidental injuries within the terms of the policy.

On October 30, 1977, the insured, 73, was injured in an automobile accident. On admission to the hospital, his injuries were noted to be a fractured mandible, concussion and right hip and left flank pain. He exhibited no symptoms of heart attack at that time, but he did have an enlarged heart. The next evening he suffered a myocardial infarction. He died on November 1, 1977, approximately 40 hours after the accident. He had had a preexisting heart disease.

The autopsy revealed that the cause of death was "cardiovascular collapse due to myocardial infarction." The infarct was estimated to be 24 hours old or older. Pursuant to ORS 146.090(4) the Multnomah County Medical Examiner had investigated insured's death to determine whether a connection existed between the accident and the death. He concluded that the heart attack was causally related to the accident. He testified that the trauma of the accident was an "immediate precipitating cause" of death. There was no conflicting evidence.

Plaintiff's claim was brought under the "Accidental Loss-of-Life" provision of the policy: "If injury results in loss of life... within 100 days of the date of the accident causing such loss, the Company will pay...." "Injury" is defined in the policy as

"*** bodily injury caused by an accident occurring while this policy is in force as to the member or covered dependent whose injury is the basis of the claim and resulting directly and independently of all other causes of loss."

[689]

There was no general exclusion for preexisting conditions. At the close of plaintiff's case, both parties moved for a directed verdict. The trial court denied plaintiff's motion and directed a verdict in favor of defendant on the ground that, as a matter of law, the death of insured was not covered by the terms of the policy. Plaintiff appeals, urging that the trial court erred both in granting defendant's motion for directed verdict and in denying his motion for directed verdict.

By the terms of the policy, an insured is to receive benefits if he suffers bodily injury from an accident "resulting directly and independently of all other causes of loss" and if he dies as a result of the injury within 100 days of the accident. The court erroneously ruled that the policy requires death to be the result solely of an accidental injury.[1] *See London Guarantee & Accident Co. v. Leefson,* 37 F2d 488 (3rd Cir 1930) and *Fireman's Fund Insurance Company v. Glanton,* 452 SW2d 861 (Tenn 1970), involving the same policy language. The insured here was injured in an automobile accident. There was evidence that the accidental injury resulted in the loss of his life. Therefore, as a matter of law, the court erred in directing a verdict for defendant under the policy's terms.

Plaintiff also maintains that the court erred in denying his motion for directed verdict. It is true that

---

[1] The court concluded:

"THE COURT: Well, I have given a good deal of consideration to this case. With the aid of you gentlemen, I have some concern about the absence of a specific exclusion clause in the policy. What was read and reread, the language I find it very difficult to avoid: The requirement that there be no independent, intervening cause. And I cannot submit to the jury a real question of fact on what the cause of death was. All the medical records show that the cause of death actually was the heart condition and the arteriosclerosis. The combining element by even Dr. Lewman's testimony, was a minor accident. And there is no way that we could find that the injury was the actual, probable direct cause without exception, as it combined the arteriosclerosis and the heart condition.

"I, therefore, have concluded that I will grant the motion for a directed verdict."

[690]

the only evidence on the issue of whether the accident of October 30 resulted in the death of the insured on November 1 was presented by plaintiff. Defendant offered no evidence. The medical examiner testified:

"Mr. Mehrer had long-standing heart disease. His heart was enlarged, was abnormal; and I feel that this added insult, and stress resulting from the injury was the thing that tipped him over the brink, if you will, or precipitated his fatal heart attack at that particular time and place. I think the two are related. I think it is a combination of his heart disease with the superimposed injury. ***"

Even though there was no conflict in the testimony and the evidence was uncontradicted that there was a causal connection between the accidental injury and death, the trier of fact was not required to believe it. *W.R. Chamberlain & Co. v. Northwestern Agencies, Inc.,* 289 Or 201, 611 P2d 652 (1980).

Reversed and remanded.