Mary Louise THOMAS, Plaintiff,

v.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, a California corporation, Defendant.

Civ. No. 90–584–FR.

United States District Court,
D. Oregon.

April 12, 1991.

James D. Vick, Vick & Gutzler, Salem, Or., for plaintiff.

James L. Hiller, Vicki L. Smith, Lane Powell Spears Lubersky, Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion (#14) of defendant, Transamerica Occidental Life Insurance Company (Transamerica), for summary judgment in its favor on the claims of plaintiff, Mary Louise Thomas.

This is a declaratory judgment action in which Mary Louise Thomas seeks a declaration that her husband, Donald Eugene Thomas, suffered an "accidental death" as defined by the terms of an accidental death insurance policy issued to him by Transamerica, and therefore that she is entitled to benefits under that policy.

## UNDISPUTED FACTS

Mary Thomas is the named beneficiary in an Accidental Death Insurance Policy (the policy) that Transamerica issued to Donald Thomas on March 26, 1983. The policy provides coverage for "accidental death." The policy defines "accidental death" as "death caused by accidental bodily injuries independent of sickness or any other cause." The policy excludes coverage for loss caused by or resulting from "illness, disease, bodily infirmity."

The policy contains the following provisions regarding notice of claim and proof of loss:

NOTICE OF CLAIM: [Transamerica] must be given written notice of claim after your accidental death. The notice must be given within 20 days or as soon as reasonably possible after death.

. . . .

PROOF OF LOSS: [Transamerica] must be given written proof of loss within 90 days or as soon as reasonably possible after the loss. Proof of loss must be submitted no later than 12 months after the loss.

Exhibit 10 to Defendant's Concise Statement of Material Facts.

Donald Thomas died on September 1, 1987. At the time of his death, he was working at his usual occupation as a painter and sandblaster. On the date of his death, he was working in Modesto, California.

On September 2, 1987, pathologist William S. Ernoehazy, M.D. performed an autopsy on Donald Thomas. Dr. Ernoehazy listed the cause of the death of Donald Thomas as "occlusive arteriosclerotic cardiovascular disease." Dr. Ernoehazy performed a microscopic examination of Donald Thomas' heart and found "[m]yocardial scarring, severe calcification of coronary arteries." Dr. Ernoehazy listed "emphysema of the lungs" as one of the "conditions contributing to the death but not related to the disease or condition causing death." A microscopic examination of the lungs showed: "Emphysema, scarring, much anthracotic pigments in fibrotic alveolar septae, edema, focal hemorrhage." Pretrial Order, pp. 4, 5.

On November 10, 1987, the Workers' Compensation Board of the State of Oregon conducted a hearing to determine whether the death of Donald Thomas was legally compensable under the workers' compensation laws of the State of Oregon. Two physicians, Dr. Greenberg and Dr. Trenholme, testified on behalf of Mary Thomas at the hearing. Dr. Greenberg testified (via deposition), in part:

Q. Do you think that the primary cause of Mr. Thomas' death was the arthro [sic] or arteriosclerotic condition?

A. Yes.

Q. And that's a relatively long-term developing and progressing process; isn't it?

A. That's correct.

Exhibit 7 to Defendant's Concise Statement of Material Facts, pp. 1–2.

Dr. Trenholme testified, in part:

Q. ... [W]ould you agree that Mr. Thomas died, and the primary cause of that death was arteriosclerosis of a generalized and severe nature?

A. Yes. Atherosclerotic cardiovascular disease—coronary artery disease.

Exhibit 5 to Defendant's Concise Statement of Material Facts.

Mary Thomas first notified Transamerica that she was claiming accidental death benefits under the policy issued to Donald Thomas in a letter dated October 17, 1989.

## CONTENTIONS OF THE PARTIES

Transamerica contends that it is entitled to summary judgment on the claim of Mary Thomas for a declaration that she is entitled to receive benefits under the policy because 1) the death of Donald Thomas was not "accidental," and therefore there is no coverage; 2) the death of Donald Thomas was not "independent of sickness or any other cause," and thus there is no coverage; and 3) Mary Thomas is precluded from seeking benefits because she did not comply with the notice of claim or proof of loss provisions of the policy.

Mary Thomas contends that summary judgment is not appropriate because 1) the death of Donald Thomas was "accidental" within the meaning of the policy; and 2) genuine issues of material fact exist as to "the exact mechanism of [Donald] Thomas' death," the degree to which pre-existing arteriosclerosis from which Donald Thomas suffered contributed to his death, the conditions under which Donald Thomas was working at the time of his death, and the reasonableness of the actions of Mary Thomas in not submitting the notice of claim and proof of loss within the time set forth in the policy.

## APPLICABLE STANDARD

■ Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden to establish the absence of a material issue of fact for trial is on the moving party. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). This burden "may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden shifts to the nonmoving party to "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553.

■ Assuming there has been adequate time for discovery, summary judgment should then be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.,* 638 F.2d 136, 140 (9th Cir.1981). Finally, summary judgment is inappropriate where credibility is at issue. Credibility issues are appropriately resolved only after an evidentiary hearing or full trial. *SEC v. Koracorp Indus.,* 575 F.2d 692, 699 (9th Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 348, 58 L.Ed.2d 343 (1978).

## ANALYSIS AND RULING

1. *Was the death of Donald Thomas "accidental" within the meaning of the policy?*

In *Botts v. Hartford Accident & Indem. Co.*, 284 Or. 95, 585 P.2d 657 (1978), the Oregon Supreme Court announced the standard to be used in determining whether an on-the-job heart attack is covered by the provisions of an accidental death insurance policy. The court held that coverage under an accidental death insurance policy exists where "the job-related activity leading to a victim's heart attack was abnormal and unusual, taking into consideration the ordinary requirements of his job performance." *Id.* at 103, 585 P.2d 657.

Mary Thomas contends that the job-related activity leading to the death of Donald Thomas was abnormal and unusual because he was working in extreme heat to which he was unaccustomed in his normal course of employment.

The facts are undisputed that at the time of his death, Donald Thomas was performing the usual and normal activities of a painter and sandblaster. Although at the time of his death Donald Thomas was working in extremely hot weather, his job as a painter and sandblaster required him to work in all types of weather conditions. It was a part of his usual, normal job activity to anticipate and cope with different weather conditions. The conditions under which Donald Thomas was working may have made the performance of his work more difficult, but there is nothing in the record to support a finding that he was engaged in an unusual or abnormal job-related activity.

The court finds, as a matter of law, that the death of Donald Thomas was not "accidental" so as to trigger coverage under the policy.

2. *Was the death of Donald Thomas "independent of sickness or any other cause" as required for coverage under the terms of the policy?*

The policy excludes coverage for "loss caused by or resulting from ... [i]llness, disease, bodily infirmity." In *Tabler v. Standard Ins. Co.*, 257 Or. 166, 167, 477 P.2d 709 (1970), the Oregon Supreme Court considered whether the plaintiff had established coverage under an accidental death policy that provided benefits for death that was "a direct result of accidental bodily injuries, independently of all other causes."

In *Tabler*, the decedent died while working, and the autopsy showed that he had been suffering from advanced arteriosclerotic heart disease, although he appeared not to have been aware of it. The cause of his death was determined to be a blood clot in the coronary artery. The Supreme Court concluded, based on uncontradicted testimony, that but for the decedent's pre-existing heart disease, he would not have had the blood clot. Therefore, the court held that the bodily injury which resulted in his death (the blood clot in the coronary artery) was not independent of all other causes, and under the terms of the policy, there was no coverage.

The evidence in the record is uncontradicted that Donald Thomas suffered from severe coronary arteriosclerosis. Both of the medical experts who testified on behalf of Mary Thomas at the hearing before the Workers' Compensation Board concluded that the "primary cause" of the death of Donald Thomas was arteriosclerotic cardiovascular disease. The physician who performed the autopsy on Donald Thomas listed the cause of death as "occlusive arteriosclerotic cardiovascular disease."

Under either the substantial factor test or the cause-in-fact test, this uncontradicted testimony is sufficient for the court to find, as a matter of law, that the death of Donald Thomas was not "independent of sickness or any other cause" so as to trigger coverage under the policy.

3. *Did Mary Thomas comply with the notice of claim or proof of loss provisions set forth in the policy?*

The policy provides that the notice of claim must be given within twenty days or as soon as reasonably possible after the date of the death for which benefits are

claimed, and that proof of loss must be submitted no later than twelve months after the date of the death. The purpose of the notice of claim and proof of loss provisions in the policy is to permit the insurer to investigate a claim if necessary. *See* 3 J. Appleman, Insurance Law and Practice § 1391 at 3.

 Donald Thomas died on September 1, 1987, and Mary Thomas learned of his death on that day or the day after. Mary Thomas notified Transamerica of her claim by way of a letter dated October 17, 1989 from her attorney, who explained:

> Mrs. Thomas has not previously made a claim in that she was informed her husband had died of a heart attack. However, it was recently established in a workers' compensation case that his death was, indeed, accidental, and she is now presenting this claim to you.

Exhibit 8 to Affidavit of Vicki L. Smith.

Mary Thomas argues that because it was not obvious to her that she might be entitled to claim benefits under the policy until after the hearing before the Workers' Compensation Board and after her attorney had so advised her, the two-year delay between the death of Donald Thomas and her notification to Transamerica should not bar her claim. In essence, Mary Thomas argues that the policy should be construed to contain a discovery rule. However, the policy clearly requires the filing of a proof of loss within twelve months of the date of the death of Donald Thomas. Mary Thomas did not do so. The letter of explanation submitted by her attorney does not provide a reasonable excuse for this delay. Pursuant to the plain language of the policy, Mary Thomas is barred from seeking benefits because her claim was not timely filed.

In summary, Transamerica is entitled to summary judgment on three separate grounds: 1) because the death of Donald Thomas was not "accidental" within the meaning of the terms of the policy; 2) because the death of Donald Thomas did not occur "independently of sickness or any other cause" within the meaning of the policy; and 3) because Mary Thomas did not file a claim within the time required by the terms of the policy.

## CONCLUSION

Transamerica's motion for summary judgment (# 14) is granted. The court will file a judgment in favor of Transamerica as of this date.