91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edgar C. MEDFORD, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania
corporation, Defendant-Appellee.
 No. 95-35163.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided July 18, 1996.
 
 Before: FERGUSON and BRUNETTI, Circuit Judges, and KING,* District Judge.
 MEMORANDUM**
 Edgar C. Medford appeals the district court's grant of summary judgment in favor of Insurance Company of North America ("INA"). Medford challenges the district court's decision denying his request for benefits on the ground that a pre-existing condition significantly contributed to his injury. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse.
 Medford was insured under an accident only insurance policy issued by INA. The policy stated that it did not provide benefits for loss caused by, or resulting from, "sickness, disease or bodily infirmity." The policy further stated:
 Coverage A: Loss of Life, Limb, Sight, Speech or Hearing--We will pay this benefit if: (a) you are injured in an accident which happens while you are covered by the policy; and (b) you suffer one of the losses listed below as a direct result, and from no other cause, within a year of the accident.
 On October 3, 1992, Medford slipped and fell, striking the right side of his forehead. As a result of this fall, Medford suffered a permanent loss of 95% of the central vision in his right eye. Medford's blindness was most likely caused by an occlusion, or blockage, of the right ophthalmic artery. Expert testimony from two physicians was inconclusive as to the cause of the occlusion. The doctors stated that the blockage could have resulted from plaque from the carotid artery, a blood clot from the heart, cholesterol or platelets. The district court found that the occlusion most likely resulted from plaque which was dislodged from his carotid artery at the time of the fall.
 Medford suffered from carotid occlusive disease and abnormal plaque build-up at the time of the fall. Abnormal plaque build-up is considered a systematic illness. INA alleges that it has no duty to pay benefits to Medford because his blindness was not the direct result of an accident covered by the insurance policy "and from no other cause." Rather, INA argues that Medford's fall would not have resulted in blindness without his pre-existing plaque condition.
 A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 The district court relied on the following rules to construe the insurance contract in the present case:
 (1) When an accident caused a diseased condition, which together with the accident resulted in the injury or death complained of, the accident alone is to be considered the cause of the injury or death.
 (2) When at the time of the accident the insured was suffering from some disease, but the disease had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause.
 (3) When at the time of the accident there was an existing disease, which, co-operating with the accident, resulted in the injury or death, the accident cannot be considered as the sole cause or as the cause independent of all other causes.
 Perry v. Hartford Accident and Indem. Co., 417 P.2d 785, 788 (Or.1970) (dicta). The district court ruled for INA based on the third rule.
 However, the Oregon Supreme Court has acknowledged that these three rules are dicta. Perry, 471 P.2d at 788. Although the court recited these rules in Perry, the rules were not applied in their analysis. Instead, the court established the following rule:
 [W]here pre-existing disease substantially contributed to death or disability, there is no coverage under the present policy language. This means that the question of coverage will be primarily one for the jury except in those instances where the court can say as a matter of law either that there was no evidence that disease substantially contributed to death or disability or that it has been shown conclusively that it did so contribute.
 Perry, 471 P.2d at 789 (emphasis added). See also Tabler v. Standard Insurance Co., 477 P.2d 709 (Or.1970) (applying the "substantially contributed" rule established in Perry ). Given this rule, the primary issue in the present case is whether Medford's carotid occlusive disease "substantially contributed" to his loss of sight.
 A jury must determine that the pre-existing condition was not a substantial factor in causing the injury in order for the insured to be covered under the policy.
 Almost all persons have some abnormality. They have tendencies, weaknesses, disease or other conditions which, to some extent, make them susceptible to disability and death from accident. A person seldom dies or is disabled from a completely isolated cause.... Courts have usually held that the parties intended a broader coverage than a completely literal interpretation of the [policy] language would dictate.
 Perry, 471 P.2d at 789. Therefore, insurance benefits are to be given even when a susceptibility may exist, so long as the accident is the direct cause.[1]
 Mehrer v. INA Life Insurance Co., 614 P.2d 1234 (1980), aff'd without opinion by an equally divided court, 628 P.2d 397 (1981), demonstrates that the issue of causation in accident only insurance cases is generally a question for the jury. In Mehrer, the Court of Appeals of Oregon reversed a directed verdict for the insurance company. In language similar to Medford's policy, Mehrer's accident policy covered bodily injuries "resulting directly and independently of all other causes of loss." Mehrer, 614 P.2d at 1235. The district court "erroneously ruled that the policy requires death to be the result solely of an accidental injury." Id. (emphasis added). Though Mehrer had a pre-existing heart disease, the Medical Examiner found "that the [fatal] heart attack was causally related to the accident." Id. In remanding for trial and not reversing the denial of plaintiff's directed verdict, the court reinforced the conclusion that a question of coverage is one for the jury. Id.
 In the case at bar, Medford's carotid occlusive disease was not symptomatic at the time of the accident. His plaque build-up would not normally result in a loss of sight. Cf. Button v. Connecticut General Life Ins. Co., 847 F.2d 584, 586 (9th Cir.1988) (holding that the insured had progressively symptomatic degenerative disc disease that caused or contributed to his disability following a lifting accident, thus the accident was not the sole cause of his disability, and benefits were denied), cert. denied, 488 U.S. 909 (1988). The testimony of Drs. Carey and Merritt establishes that Medford's blindness was "most likely" caused by an occlusion. The controversy revolves around what caused the occlusion. In deposition testimony, each doctor at one point stated that the occlusion was probably caused by dislodged plaque from the carotid artery. However, upon further questioning, both doctors allowed uncertainty to undermine their previous opinions as they testified that the loss of sight could have come from a source different than plaque from a carotid artery. Specifically, Dr. Carey stated that the occlusion could have resulted from a blood clot from the heart. Additionally, Dr. Merritt, conceded that he could not determine the source of the blockage to the artery and that the occlusion could have resulted from plaque, cholesterol, platelets, or a blood clot. Clearly, the expert testimony is vague and subject to different inferences.
 On summary judgment "[i]nferences must ... be drawn in the light most favorable to the nonmoving party." T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 631 (9th Cir.1987) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., 809 F.2d at 631 ( citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). The disputed issue is whether Medford's carotid occlusive disease substantially contributed to the injury. A rational trier of fact could find that the carotid artery disease did not substantially contribute to the injury because Medford's fall is an undisputed cause of the loss of sight and the medical testimony regarding the cause of the occlusion is too speculative. Therefore, the district court erred in granting summary judgment for INA.
 The decision of the district court is REVERSED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Arthurs v. Metropolitan Life Ins. Co., 760 F.Supp. 1095 (S.D.N.Y.1991), the court, after a summary of state court decisions on accident only insurance contracts derived this important principle: "If there is no active disease, but merely a frail general condition, so that powers of resistance are easily overcome, or merely a tendency to disease which is started up and made operative, whereby death [or injury] results, then there may be recovery even though the accident would not have caused that effect upon a healthy person in a normal state." Id. at 1100