Judith SEKEL, Plaintiff-Appellee,

v.

**AETNA LIFE INSURANCE COMPANY,**
**Defendant-Appellant.**

No. 81–1484.

United States Court of Appeals,
Fifth Circuit.

May 19, 1983.

Locke, Purnell, Boren, Laney & Neely, Larry M. Lesh, Robert T. Mowrey, Dallas, Tex., for defendant-appellant.

Martin Barenblat, Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, REAVLEY and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

This is a Texas diversity case between Aetna Life Insurance Company and Mrs. Judith Sekel, involving the construction of an exclusion clause as applied to accidental death benefits under Aetna combined group life and accidental death policies in which Mrs. Sekel is the named beneficiary. The issue presented for our consideration is whether the language of the exclusion clause bars recovery of accidental death benefits respecting a death, a functionally closely related significant contributing factor or cause of which is a "bodily infirmity" or "disease," but whose more immediately precipitating and proximate cause is accidental bodily injury. The district court, ruling on cross-motions for summary judgment, held for the beneficiary that it did not. Concluding that the exclusion clause in the policy does bar recovery, we reverse.

## THE FACTS

On August 12, 1978, Mrs. Sekel's late husband, Richard Sekel, insured under Aetna's combined group life and accident policies issued in 1973 to his employer under a single certificate, fell to the floor at his home and sustained a "severe" blow to his head, which resulted in his death within approximately one hour following the fall. Mr. Sekel had a "severe atherosclerotic and hypertensive cardiovascular disease" which the autopsy report, completed by three physicians, concluded had probably caused his fall. The parties stipulated that this report and the death certificate "accurately and correctly set forth" "the facts regarding the cause of death." The report states:

"In our opinion Richard Sekel, a 62 year old white male, died from severe head trauma, which included fracturing of the base of the skull and bruises of the brain surfaces. The initiating event was probably an arrhythemia (failure of the heart to beat properly) secondary to the victim's very severe hypertensive and atherosclerotic cardiovascular disease (high blood pressure and hardening of the arteries). Therefore, the victim probably 'passed out' because of his natural disease processes and subsequently struck his head when he fell."

The foregoing is the only relevant evidence as to the cause of death. Mrs. Sekel, as beneficiary, received benefits from Aetna for the life insurance coverage, but was denied them under the accident coverage. The accident benefits coverage clause states that Aetna will pay the stipulated benefits, if Mr. Sekel suffers a "bodily injury caused by an accident and as a direct result of such injury and, to the exclusion of all other causes, sustains within not more than ninety days . . . any of the losses [covered]." Aetna does not expressly contest that Mr. Sekel's accidental death falls within these terms. It maintains, however, that the exclusion clause in the policy precludes Mrs. Sekel's recovery of accidental death benefits. This clause states:

"The insurance provided under this Title does not include, and no payment shall be made for, any loss resulting from any injury caused or contributed to by, or as a consequence of, any of the following excluded risks, even though the proximate

or precipitating cause of loss is accidental bodily injury:

"(a) bodily or mental infirmity; or

"(b) disease...."

The sole issue for our consideration is whether this exclusion clause bars Judith Sekel's accidental death benefit recovery.

### THE LAW

The coverage clause in the Aetna policy is similar to those in many other accidental death or disability policies, which typically provide that an insured can only recover if the loss is "directly and independently" or "independently and exclusively" caused by an accident. In Texas and most other jurisdictions these clauses have been construed to preclude recovery where disease or bodily infirmity is a concurrent proximate cause of death. *Mutual Benefit Health & Accident Association v. Hudman*, 398 S.W.2d 110, 115 (Tex.1965); 10 G. Couch, R. Anderson, & M. Rhodes, *Couch on Insurance 2d*, § 41:75 at 113–14 (rev. vol. 10, 1982); *and see* 1B Appleman, *Insurance Law & Practice* § 393 at 64–73 (rev. vol. 1B 1981). Where such disease is found to be a "remote" cause, however, courts have not barred recovery. *Stroburg v. Insurance Company of North America*, 464 S.W.2d 827, 829–31 (Tex. 1971); Appleman, § 393 at 81; Couch, § 41:79–80 at 128–33.

Many policies also contain an exclusion clause which specifically disallows recovery where disease caused or contributed to the loss. In *Stroburg v. Insurance Company of North America,* the Texas Supreme Court recognized *two* types of exclusion clauses, those which excluded coverage only when disease was a proximate cause, and those which also excluded it when disease was a more remote cause, of the loss. In the *first category* was the clause presented in that case which provided that "[t]his policy does not cover loss caused by or resulting from any one or more of the following: ... [i]llness, disease ... bodily infirmity...." The court cited as an example of the *second type* those clauses which included language excluding liability if disease or bodily infirmity contributed "directly or indirectly" to

the loss. 464 S.W.2d at 831–32. We must decide whether the Aetna exclusion clause falls into this second category, effectively excluding coverage where disease, though a functionally closely related significant contributing factor or cause is nevertheless neither a concurrent proximate nor the most immediately precipitating cause of loss, or into the first category, excluding coverage only where disease is at least a concurrent proximate cause.

In doing so we are guided by the principles which govern the construction of insurance contracts under Texas law. These principles were well summarized in *Glover v. National Insurance Underwriters,* 545 S.W.2d 755, 761 (Tex.1977):

"[E]xceptions and rules of limitation will be strictly construed against the insurer. Further, we must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent. [Citations omitted.] On the other hand, we recognize that these rules of construction will be applied only when the language of the policy is such that it may reasonably be given one of several constructions. [Citation omitted.] In other words, the plain language of an insurance policy, like that of any other contract, will be given effect when the parties' intent may be discerned from that language. But when the language of an insurance contract is ambiguous, that is, is subject to two or more reasonable interpretations, then that construction which affords coverage will be the one adopted."

We now examine the words of the Aetna policy to determine how these principles apply. The exclusion clause in this policy denies coverage for accidental death benefits respecting "any loss resulting from any injury caused or contributed to by, or as a consequence of, any of the ... excluded risks, even though the proximate or precipitating cause of loss is accidental bodily

injury."[1] This language contemplates a situation where "*the* proximate or precipitating cause of loss" is accidental bodily injury, and makes clear that, "*even though*" the accidental injury is *the* proximate or precipitating cause, if disease or bodily infirmity is also a contributing factor or cause, there is no coverage. Since the exclusion clause by its terms is applicable when *the* proximate or precipitating cause of loss is an accidental injury, necessarily implicit in its meaning is that other contributing factors or causes which the policy excludes (*e.g.,* "bodily or mental infirmity" or "disease") *need not be concurrent proximate or as immediately precipitating causes* for the exclusion to have effect. Thus, a loss, a functionally closely related significant cause or contributing factor of which is a noncovered risk, is excluded from the policy's accidental death benefits even though a covered risk is the proximate and more immediately precipitating cause of the loss.

█ The exclusion clause is clear and unambiguous in conveying this meaning. As such, the principle of construing insurance contracts strictly against the insurer does not apply, *Southern Life and Health Insurance Co. v. Simon,* 416 S.W.2d 793, 795 (Tex.1967); *Gulf Atlantic Life Insurance Co. v. Disbro,* 613 S.W.2d 511, 512 (Tex.Civ. App.—Beaumont 1981, no writ), and we must give the language of the policy its plain meaning. *Argonaut Southwest Insurance Co. v. American Home Assurance Co.,* 483 F.Supp. 724, 727 (N.D.Tex.1980); *Vanguard Insurance Co. v. Stewart,* 593 S.W.2d 736, 739 (Tex.Civ.App.—Houston [1st Dist.] 1979), *aff'd,* 603 S.W.2d 761 (Tex.1980); *American-Amicable Life Insurance Co. v. Lawson,* 419 S.W.2d 823, 826 (Tex.1967); *Republic National Life Insurance Co. v. Spillars,* 368 S.W.2d 92, 94 (Tex.1963).

█ We conclude that the Aetna exclusion clause is of the second type described in the *Stroburg* decision, and coverage is barred when a risk excluded by the policy is a functionally closely related significant cause or contributing factor of the loss even though a covered risk is the proximate and more immediate precipitating cause. A contrary interpretation disregards the clear and unambiguous meaning of the exclusion clause, especially its "even though" phrase. Mr. Sekel's heart condition, the "natural disease processes" of which caused him to pass out and immediately fall, striking his head and resulting in his death within approximately an hour, certainly bore a functionally close and significant causal or contributory relationship to his death. This is not an instance where for want of a nail the rider was lost.[2] Nor was the heart condition "dormant and insubstantial" or "transient"; rather, it was an obviously long-standing "very severe ... disease," some-

---

1. Texas cases have already construed wording similar to some of the language in this exclusion clause. In *Stroburg v. Insurance Company of North America,* the Texas Supreme Court held that a clause in which the relevant exclusion of liability was limited to losses "resulting from" disease or bodily infirmity, was a bar to recovery "only when such risks are a proximate as distinguished from an indirect or remote cause of the loss." 464 S.W.2d at 831–32. *National Life & Accident Insurance Co. v. Franklin,* 506 S.W.2d 765 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.), interpreted an exclusion clause in which the relevant preclusion of recovery was only if death "results from or is contributed to by any disease or mental infirmity ...," *id.* at 766, and held that "[t]he words 'contributed to' do not serve to allow us to look back along the chain of causation to a remote cause or a cause of a cause." *Id.* at 768.

The district court below, construing the Aetna policy, likewise held that "[t]he words 'caused or contributed to by, or as a consequence of' do not allow us to look back along the chain of causation to a remote cause of a cause." Aetna does not expressly object to this construction on appeal, but contends that the phrase "even though the proximate or precipitating cause of loss is accidental bodily injury" does require a court in circumstances such as this to deny recovery if a noncovered risk less immediately causes or contributes to the loss. (Since the meaning of this phrase is the crux of the issue before us, for convenience it will be referred to as the "even though" phrase.)

2. "A little neglect may breed mischief: for want of a nail the shoe was lost; for want of a shoe the horse was lost; and for want of a horse the rider was lost." Benjamin Franklin, Maxims prefixed to Poor Richard's Almanac.

thing obviously *not* typical even of the man who is "neither 'an Apollo or Hercules.'" *See Mutual Benefit Health & Accident Association v. Hudman,* 398 S.W.2d at 114. In the common understanding of mankind, this very severe disease was a cause or contributing factor of Mr. Sekel's death, or his death a consequence of the disease, in much the same sense that an accidental shove off a precipice would be regarded as a cause of or factor contributing to the death of a victim who plunged to his destruction on the rocks below.[3] All that stands in the way of completing the causal, contributory or consequential connection between disease and death is that the otherwise accidental blow to the head constitutes the more immediately precipitating and proximate cause of death. Yet, the "even though" phrase informs us that the disease's causative or contributory role is to be given exclusionary effect "even though the proximate or precipitating cause of loss is accidental bodily injury."

▉ This interpretation is also compelled by another principle of construction, for, where reasonably possible, we must not construe the policy to leave specific provisions without meaning or effect. *Liberty Mutual Insurance Co. v. American Employers Insurance Co.,* 556 S.W.2d 242, 245 (Tex.1977); *First National Bank of Midland v. Protective Life Insurance Co.,* 511 F.2d 731, 734 (5th Cir.1975); *cf. Martindale Lumber Co. v. Bituminous Casualty Corp.,* 625 F.2d 618, 623 (5th Cir.1980). The opinions in such Texas cases as *Strobur,* 464 S.W.2d at 831–32, and *National Life & Accident Insurance Co. v. Franklin,* 506 S.W.2d 765, 768 (Tex. Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.),[4] clearly reflect that exclusion clauses, not containing any language comparable to that of our clause's "even though" phrase but in all other respects being similar to it, are considered sufficient to preclude accidental death recovery when disease is a concurring proximate cause of death, notwithstanding that accidental bodily injury is also a proximate cause of the death. *See also Hudman,* 398 S.W.2d 110 at 111, 115. In other words, the present exclusion clause, *without* the "even though" phrase, would clearly preclude accidental death benefit recovery for *any* death of which disease was a concurrent proximate cause. Accordingly, the "even though" phrase would be rendered meaningless unless it operated to preclude recovery in at least some instances where the causal or

**3.** The district court found, with respect to Mr. Sekel's high blood pressure and hardening of the arteries, that:

> "The mere fact that his hypertension may have caused him to pass out does not mean that it caused his death. The stipulation of death reflects that Sekel died from the skull fracture he received in the fall. The initiating event was stated to probably be an arrhythemia caused by hypertension. As the Court views this evidence the hypertension may have caused the fall, but it did not cause the death. The fact that death comes about in a way that is not a 'natural and probable consequence' of the hazards of the disease permits the conclusion that it is caused by accidental means. The hypertension was merely a possible cause of a cause and therefore too remote to bar recovery. *National Life & Accident Ins. Co. v. Franklin,* 506 S.W.2d 765 (Tex.Civ.App.—Houston, writ ref. n.r.e.)."

The district court's opinion never states explicitly that Mr. Sekel's heart condition was in fact a cause or contributing factor of his death, though from the evidence on which the court based its summary judgment, we find this conclusion to be inescapable. The only evidence of his death before the court was the autopsy report which stated that the fall was "probably" due to Mr. Sekel's heart condition. Appellant Sekel never disputes that if the Aetna exclusion clause is found to be of the second type described in *Strobug* that coverage is barred. Thus, we find as a matter of law that his death was caused or contributed to by, or was a consequence of, a risk coverage for which was precluded by the exclusion clause.

Although we make this finding, based upon the undisputed summary judgment evidence, we decline to lay down any rule for when a cause or condition is too insubstantial, remote, or attenuated in its character or relationship to death to bar recovery under the wording of an exclusion clause such as the one in the Aetna policy, or on grounds of public policy.

**4.** "The true effect of 'contributed to' is that the disease need only be a proximate cause rather than the *sole* proximate cause to satisfy the exclusion." 506 S.W.2d at 768.

contributory relationship between death and disease was less than proximate.[5]

Although no Texas law decisions have made a direct holding on the "even though" phras_ in the type of exclusion clause before us, our interpretation of it is supported by the construction given it by this and other courts.[6]

In *Huff v. Aetna Life Insurance Company,* 120 Ariz. 548, 587 P.2d 267 (Ariz.App. 1978), an Arizona court interpreted an Aetna policy containing the same language in the context of a claim with analogous facts. In that case the insured, Mr. Huff, suffered a heart attack while driving, which caused him to lose control of his automobile. He had an accident and was killed as a result of injuries he received. The heart attack alone caused his accident and the injuries

from the accident alone caused his death. The court, relying on the exclusion clause language, ". . . even though the proximate or precipitating cause of the loss is accidental bodily injury," held that it precluded coverage for Mr. Huff's death, stating:

". . . [T]he Aetna policy in question goes beyond the 'caused, contributed to by, or as a consequence of' language by concluding:

'. . . even though the proximate or precipitating cause of loss is accidental bodily injury.'

"Here, Aetna has clearly indicated its exclusion is applicable to both proximate and remote causes such as Mr. Huff's unfortunate heart attack. . . . [T]o hold otherwise would effectively read this latter clause out of the policy." *Id.* 587 P.2d at 270–71.[7]

**5.** We recognize that some Texas decisions have tolerated a measure of redundancy between the coverage and exclusion clauses, in effect construing certain of the latter to be no more than a negative statement of what the former affirmatively describes. It seems to us, however, to be an unwarranted extension of this approach to apply it to language within a single clause, the only purpose of which is to describe what the policy excludes. In such a situation, the alleged redundancy is not explainable by the different purposes of the wording. Here, the wording and structure of the exclusionary clause, and the very words "even though," strongly suggest that this phrase is intended to *expand* the meaning that would otherwise be given to the clause as a whole.

**6.** In this Court's opinion in *Aetna Life Insurance Co. v. Kegley,* 389 F.2d 348, 352 (5th Cir.1967), *cert. denied,* 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1968), applying Texas law, there is dictum which implies that this exclusion clause would exclude recovery where disease is a remote cause. The decision also suggests that the operation of a provision with this effect is limited by public policy. The *Stroburg* decision, however, makes clear that such provisions do not violate public policy merely because they may preclude recovery in certain instances where disease is a nonproximate cause of death. It specifically recognizes a category of valid exclusion clauses that deny coverage in certain instances where disease is a less than proximate cause of death. 464 S.W.2d at 831.

Mrs. Sekel contends that *Zorn v. Aetna Life Insurance Co.,* 260 F.Supp. 730 (E.D.Tex.1965), *aff'd per curiam,* 368 F.2d 1013 (5th Cir.1966), is controlling in this case and, as such, we are

not free to rely on the decisions of courts not applying Texas law. *See, Entron, Inc. v. General Cablevision of Palatka,* 435 F.2d 995, 997 (5th Cir.1970). Though present in the *Zorn* decision was an exclusion clause almost identical to the one in the instant case, the court in *Zorn* denied coverage under the exclusion clause because a "bodily infirmity" *concurred* with an accident in causing the insured's death. 260 F.Supp. at 732–33. Thus, the court did not reach the issue of whether a nonproximate cause would have barred recovery, and we are free to refer to other jurisdictions to inform our consideration of this question. *See Cole v. Elliott Equipment Corp.,* 653 F.2d 1031, 1034 (5th Cir.1981).

**7.** Mrs. Sekel argues that *Huff v. Aetna Life Insurance Co.* is not applicable because the Arizona court indicated that the intent of the exclusion clause "could have perhaps been more 'clearly expressed.' " In other words, she contends, the clause was found ambiguous and in Texas must be construed strictly against the insurer to permit recovery. By this expression we believe the Arizona court was referring to the intent that the policy specifically not cover loss suffered in an accident which was caused by a disease or infirmity. The policy's noncoverage of such circumstances could, of course, be stated in more explicit terms, *i.e.,* "more 'clearly expressed,' " but the words used are not, thereby, made ambiguous. As the *Huff* court stated, "[h]ere Aetna has *clearly* indicated its exclusion is applicable to both proximate and remote causes such as Mr. Huff's unfortunate heart attack." 587 P.2d at 271 (emphasis added). Moreover, the *Huff* opinion also states:

"The court's focus here must be on whether the policy effectively and *unambiguously*

In *Britt v. Travelers Insurance Co.,* 556 F.2d 336 (5th Cir.1977), *modified,* 566 F.2d 1020 (5 Cir.1978), this Court, applying Mississippi law, reached the same result. In that case, the proximate cause of the insured's death was exposure, though the insurance company (Travelers) introduced evidence that his preexisting bodily infirmities had contributed to his death as a nonproximate cause. The Court, interpreting an exclusion clause very similar to Aetna's, stated that "Travelers' policy ... prohibit[s] recovery when the disease contributes to the death even though the latent or dormant disease was precipitated and made active by the accident," that is, when it is a nonproximate cause. *Id.* at 343.[8] We find these holdings of *Huff* and *Britt* to be persuasive here.

■ Mrs. Sekel makes two additional arguments. The first is that the exclusion clause cannot reach "remote" causes because it does not contain the words "directly or indirectly." For this assertion she relies upon *Stroburg,* which noted that policies containing a provision "excluding liability if disease or bodily infirmity contributed 'directly or indirectly' to the insured's injuries or death" reached cases where disease was a cause, whether proximate or more "remote." The court quoted with approval the case of *Russell v. Glens Falls Indemnity Co.,* 134 Neb. 631, 279 N.W. 287 (1938), which stated:

> disclaims coverage where the disease or bodily infirmity suffered by the insured was not the proximate cause of the loss. It has not been contested, as well it could not be, that absent such *unambiguous* language the courts of this country uniformly would not bar recovery under the policy when the preexisting infirmity merely led to an accident which in turn produced a distinct injury or loss." *Id.,* 587 P.2d at 269 (emphasis added).

Mrs. Sekel further claims that *Huff* is not in accord with Texas law and, therefore, inapplicable because it considered the phrase "caused, or contributed to by, or as a consequence of" as substantially equivalent to "directly or indirectly." While the *Huff* court did indicate its view that those phrases were substantial equivalents and it is also correct that they are not such under Texas law, nevertheless, the *Huff* court's reasoning with respect to the exclusion clause did not hinge on the meaning of either of those phrases. Thus, we also reject this argu-

" 'It seems reasonably clear that a policy with the phrase 'resulting directly, independently and exclusively' refers to the efficient, substantial and proximate cause of the disability at the time it occurred. On the other hand, a policy which also has the phrase 'wholly or partly, directly or indirectly, from disease or mental or bodily infirmity' refers to another contributory cause, whether proximate or remote.' 279 N.W. 291." 464 S.W.2d at 831.

Mrs. Sekel seeks to elevate the words "directly or indirectly," quoted in the *Stroburg* and *Russell* decisions, to sanctimonial status, and construe them as the only means by which Aetna can exclude losses nonproximately caused or contributed to by or consequent on uncovered risks. The *Russell* case, however, noted that a clause with the words "directly or indirectly" *"or a like phrase"* will have this effect. *Id.* 279 N.W. at 292 (emphasis added). We must give to the words of an insurance contract their plain meaning, *Argonaut Southwest Insurance Co. v. American Home Assurance Co.,* 483 F.Supp. at 727; *Vanguard Insurance Co. v. Stewart,* 593 S.W.2d at 739; *American-Amicable Life Insurance Co. v. Lawson,* 419 S.W.2d at 826; *Republic National Life Insurance Co. v. Spillars,* 368 S.W.2d at 94, and we thus decline to hold that the phrase

ment that the reasoning of *Huff* is inapplicable here.

8. The exclusion clause in the *Britt* case stated: "Exclusions—No benefit under this Provision will be payable if death results from or is contributed to by: 1. Any bodily or mental infirmity or disease, even though the proximate or precipitating cause of death is accidental injury." 556 F.2d at 340.

Mrs. Sekel argues that the *Britt* case is inapposite because of differences between Mississippi and Texas insurance law. Specifically, the words "contributed to," which the Fifth Circuit suggested in *Britt* be used in a jury instruction on remand, do not have the same meaning in Mississippi as they have in Texas. The meaning of these words, however, was not the basis for the Court's construction of the exclusion clause, as suggested by Mrs. Sekel. Thus, we reject this argument.

"directly or indirectly" is an indispensable term of art when Aetna has used in its exclusion clause language equally clear in its import.

Mrs. Sekel's second argument against our result is that in spite of the apparent meaning of the phrase "even though the proximate or precipitating cause of loss is accidental bodily injury" in the exclusion clause, it was inserted by Aetna for an entirely different purpose. That purpose, according to Mrs. Sekel, was to make the exclusion clause effective in denying coverage where disease was actually a concurring proximate cause with an accident. To bolster this argument Mrs. Sekel cites a law journal article, Bronson & Fields, *The Problem of Concurrent Causation of Death Under Health and Accident Policies: A Solution Found?*, 32 Insurance Counsel Journal, 241 (1965), which suggests that the employment of the "even though" phrase in the exclusion clause of an accident policy is for the purpose of preventing recovery when disease is actually a concurrent proximate cause of death. Past decisions allowing recovery in those circumstances, Mrs. Sekel argues, have troubled insurance companies such as Aetna, and provoked it to insert the "even though" phrase. Both Mrs. Sekel and the cited law journal article suggest that such decisions represent the majority rule among states and that it was at one time the rule in Texas. According to Mrs. Sekel, however, the law in Texas unexpectedly developed with *Hudman* to preclude liability, notwithstanding the absence of an "even though" phrase or comparable exclusionary wording, if a disease was a concurring proximate

cause, and now Aetna is attempting to extend the application of this phrase beyond its original purpose, by using it to bar claims in which disease was a "remote" cause, while it was intended only to bar ones in which disease was a concurrent cause.[9]

The appellee's theory is not convincing. It is premised on the contention that insurers have regularly been held liable on accident policies of the first type described in *Stroburg* when a proximate cause of loss was disease. However, where policies provide that an accident must "directly and independently" be the cause of a loss, the general rule is that if disease is a concurrent proximate cause, the insurance company is not liable. Couch, § 41:75 at 113–14; Appleman, § 393 at 69–73. Couch states that: "When the facts are such that neither the accident nor the pre-existing disease can be isolated as the proximate cause, and it is concluded that both combined or operated to produce the harm, the insurer is not liable." Couch, § 41:75 at 113–14.

This general rule is also the law in Texas. It was clearly set forth in 1965 in *Hudman,* and as that decision demonstrates, this rule has been controlling in Texas for many years. 398 S.W.2d 110 at 113.[10] One case, *Pyramid Life Insurance Co. v. Alexander,* 337 S.W.2d 813 (Tex.Civ.App.—Texarkana 1960, writ ref'd, n.r.e.), approved a jury instruction inconsistent with the general rule reaffirmed in *Hudman* and was specifically disapproved of in that decision. That instruction stated:

"[Y]ou are instructed that death resulting from accidental bodily injury directly and

9. Any suggestion that the Bronson & Fields article prompted Aetna to use the "even though" phrase is dispelled by the fact that it appears in policies issued before the article was written. *See Aetna Life Insurance Co. v. Kegley,* 389 F.2d at 349 (policy issued in 1961); *Zorn v. Aetna Life Insurance Co.,* 260 F.Supp. at 730 (policy issued in 1961); *Kaskowitz v. Aetna Life Insurance Co.,* 316 S.W.2d 132, 134 (Mo.App.1958) (policy issued in 1946).

10. *Hudman* cites the following Texas decisions which support its conclusion that coverage is denied if a noncovered risk is a concurrent proximate cause of loss: *Continental Casualty Co. v. Fountain,* 257 S.W.2d 338 (Tex.Civ.App.

—Dallas 1953, writ ref'd); *Robinson v. Aetna Life Insurance Co.,* 276 S.W. 900 (Tex.Com. App.1925); *North American Accident Ins. Co. v. Miller,* 193 S.W. 750 (Tex.Civ.App.—Amarillo 1917, writ ref'd); *Standard Life & Accident Ins. Co. v. Roberts,* 318 S.W.2d 757 (Tex.Civ. App.—Amarillo 1958, writ dism'd); *Combined American Ins. Co. v. Tunnel,* 311 S.W.2d 76 (Tex.Civ.App.—Eastland 1958, no writ); *Worley v. International Travelers Assur. Co.,* 110 S.W.2d 1202 (Tex.Civ.App.—Fort Worth 1937, writ dism'd); *Maryland Casualty Co. v. Glass,* 29 Tex.Civ.App. 159, 67 S.W. 1062 (Tex.Civ. App.1902, no writ).

independently of all other causes occurs when death is the reasonable and natural consequence of such accidental bodily injury, as the term has been defined, and but for which, such death would not have occurred. Such death can occur from accidental bodily injury directly and independently of all other causes even though disease may have been present as a secondary cause thereof." *Id.* at 814–15.

The law review article cited above seized on the instruction's use of a "but for" test to argue that it permits liability even where disease is a concurrent proximate cause with an accident, because loss would not have occurred "but for" the accident. Bronson & Fields at 242. The *Hudman*

court also criticized the application of a "but for" test in the *Pyramid* case because it could permit recovery where disease was a concurrent proximate cause in an accidental death. *Hudman,* 398 S.W.2d at 113. In spite of this attention, *Pyramid* had not established a rule in Texas contrary to the majority position.[11]

Thus, Mrs. Sekel's claim that the phrase "even though the proximate or precipitating cause of loss is accidental bodily injury" was designed to prevent recovery in situations where disease was a concurrent proximate cause, is without force because its underlying assumption—that courts in such situations were allowing recovery—is not valid under Texas law, or in most other jurisdictions.[12] We conclude that the pur-

11. Nor was *Pyramid* in itself directly contrary to the majority position because the instruction includes significant qualifications of the "but for" test. The first is that the "reasonable and natural consequence" of the accident must be death, which would eliminate cases in which recovery was sought after the insured suffered a minor accident and died, but where the cause was largely a preexisting disease. Even though the insured would not have died at that time but for the minor accident, this requirement in the instruction would preclude coverage. The second aspect of the jury instruction which qualifies the application of a pure "but for" test is in its last sentence which states that death can be accidental "even though disease may have been present as a secondary cause thereof." The use of the term "secondary cause" implies that were the disease a primary or proximate cause, recovery would be barred. Thus, although the *Pyramid* case may not be strictly in line with the general rule reaffirmed in *Hudman,* neither did it approve a simple "but for" test of liability.

The two other cases noted in *Hudman* as possibly being inconsistent with its holding appear actually to be largely in accord with that decision. In *Tix v. Employers Casualty Co.,* 368 S.W.2d 105 (Tex.Civ.App.—Houston 1963, no writ), a woman became upset over a minor parking lot collision and had a heart attack because of a preexisting heart condition. The court held that the collision was the remote cause and the heart disease the proximate cause of the accident, so there was no recovery. The decision did not suggest that where disease was a concurring proximate cause that there can be recovery. It correctly stated the law as to a *Stroburg* first type policy that an insured "may ... have some disease but if such disease is a remote cause of death only there may be recovery if the proximate efficient

cause is the accidental bodily injury." *Id.* at 110. In *McVeigh v. International Travelers Assurance Co.,* 101 S.W.2d 644 (Tex.Civ.App.— Dallas 1936, writ dism'd), a man fell in his bathtub and later died from a ruptured appendix, which his insurance company alleged was caused by a preexisting disease, not the fall. The court noted that the coverage clause of the policy relieved the insurer of liability if there were concurring causes, of which one was nonaccidental, but it acknowledged that courts were often sympathetic to an insured and allowed recovery if a disease was a "secondary cause, or where the death is the reasonable and natural consequence of the injury, although disease may have supervened, or where the accident is the true cause of death or injury and the disease but the occasion." *Id.* at 655. This language is not, strictly speaking, inconsistent with the *Hudman* decision because it does not apply to cases of concurring accidental and nonaccidental causes. *McVeigh* apparently did not involve a *Stroburg* second type policy.

12. We have held that the Aetna exclusion clause is within the second type described in *Stroburg,* at least to the extent that a loss, a functionally closely related significant contributing factor or cause of which is a disease, is excluded from coverage notwithstanding that the proximate or more immediately precipitating cause of the loss is an accidental injury, so that the disease is not a concurrent proximate cause; and that to achieve such preclusion of coverage in these circumstances it is not necessary for the exclusion clause to employ the words "directly or indirectly," but that the "even though" phrase of the Aetna policy will suffice for such purpose. Having so held, we decline appellee's further implicit invitation to narrow the scope of the exclusion clause on the

pose of this clause was to bar recovery in cases where the insured's death was caused or contributed to by or a consequence of a noncovered risk such as disease, even though an accidental injury was *the* proximate or precipitating cause of death, so that, accordingly, the causal, contributory or consequential relationship between the disease and death was not proximate.

Accordingly, the judgment below is reversed.

REVERSED.

additional basis of a supposed distinction between "means" and "loss"; that is to say, we decline to allow recovery merely because the disease is related to the loss only by causing the traumatic injury to the head, rather than by independently bearing on the loss. It appears to us that narrowing the exclusion clause on such a basis would be but another way of saying that the Aetna exclusion clause is of the first type described in *Stroburg,* or that disease must be a concurrent proximate cause, or that the magic words "directly or indirectly" must be used. If the basis for such a narrowing is anything *more* than that, it appears both to be contrary to *Stroburg* and *National Life & Accident Ins. Co. v. Franklin,* each of which recognized that a second type *Stroburg* exclusion would preclude recovery in cases of this nature, and also to involve the same kind of metaphysical distinction as that between "accidental death" and "death by accidental means" which the Texas Supreme Court rejected in *Republic National Life Ins. Co. v. Heyward,* 536 S.W.2d 549, 557 (Tex.1976). Here, the exclusion clause applies "even though the proximate or precipitating cause of loss is accidental bodily injury."