Albert Mills TURRILL,
Plaintiff-Appellant,

v.

LIFE INSURANCE CO. OF NORTH AMERICA, Defendant-Appellee.

No. 84–1146.

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1985.

John E. Collins, Garnett E. Hendrix, Jr., Mickey C. Shyrock, Dallas, Tex., for plaintiff-appellant.

Thompson & Knight, David S. Kidder, Malia A. Connery, Dallas, Tex., for defendant-appellee.

Before BROWN, WILLIAMS and GARWOOD, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

In this diversity case, Albert Mills Turrill appeals from a summary judgment dismissing his claim for disability benefits under a policy Life Insurance Company of North America (LINA) issued to American Airlines, Turrill's employer at the time of his accident. The district court held that Turrill failed to file with LINA a timely written proof of his claim, contrary to the terms of the policy. We reverse.

I.

At the time of his mishap, which he claims totally disabled him for life, Turrill had worked for American Airlines some eleven years as a facility maintenance mechanic. On May 22, 1979, the date of the accident, his duties included performance of various repair functions in and around the American Airlines terminal at the Dallas/Fort Worth Airport. His shift that day ended at 7:10 in the morning. A few minutes after that time he sustained the injuries that form the basis of his claim against LINA.

A fire had occurred earlier that evening, and it set off the automatic sprinklers in the terminal, leaving the tile floor wet. While walking through the terminal, Turrill slipped on the water, and he fell backwards onto the floor. The fall twisted his left ankle, but the force of the impact focused on his posterior and head. Two fellow employees witnessed the accident. Although he continued to work until May 30, Turrill's condition deteriorated to the point that he experienced considerable difficulty walking.

Turrill nevertheless did not file directly with LINA a written notice of claim or proof of loss until more than two years after the accident. He and others did, however, submit to American Airlines a variety of documents bearing on his injury and disability. These included two American Airlines reports of the accident, documentation of claims for workers' compensation and other disability benefits, copies of Turrill's medical bills, and doctors' reports detailing their treatment of Turrill and prognoses of his condition.

Two sets of documents bear on the timeliness of Turrill's proof of loss. The first, the Master Policy that LINA issued to American Airlines, provided that "[w]ritten proof of loss must be furnished to the Company [LINA] at its said office within ninety days after the date" of loss unless circumstances prevent proof within ninety days. In the latter event, the policy al-

lowed an extension for filing. The other group of documents appear in a brochure that American Airlines supplied to its employees who opted for coverage under the Master Policy. The first section of the brochure explained in plain but somewhat ambiguous terms the procedure an employee should follow in claiming benefits. Although the brochure referred to the Master Policy, it stated that the procedure it described related to claims for benefits under the American Airlines "Voluntary Personal Accident Insurance" Plan rather than the Master Policy. The second portion of the booklet set out a "Certificate of Insurance", which essentially duplicated the provisions of the Master Policy.

Turrill filed this suit in 1982 after LINA refused to honor his claim for benefits under the Master Policy. Discovery went forward, and on August 8, 1983, LINA moved for summary judgment. It contended that Turrill had not timely filed either a notice of claim nor proof of loss and that his pre-existing, arthritic condition removed him from coverage under the Master Policy. The district court held that a report American Airlines personnel had prepared and sent to the air carrier's Plan Administrator satisfied the notice of claim requirement of the Master Policy[1] but that Turrill had not fulfilled his obligation to supply a timely proof of loss. The court rendered summary judgment for LINA, declining to reach LINA's further ground for dismissal.

## II.

■ Our reversal reflects our conclusion that a genuine issue of material fact exists regarding the authority of American Airlines to receive proofs of loss for LINA. Whether such an agency relationship exist-

ed bears heavily on the timeliness of Turrill's proof of loss and requires us to set aside the summary judgment. Because we remand for further proceedings, we shall discuss the relevant principles and how they apply in this case.

A recent decision of this court sets out the considerations that bear on whether an agency relationship exists under Texas law. In *Wells Fargo Business Credit v. Ben Kozloff, Inc.,* 695 F.2d 940 (5th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983), the panel discussed the "apparent authority" theory of agency in the following terms:

> Apparent authority arises when the principal, either intentionally or by lack of ordinary care, induces third persons to believe an individual is his agent even though no actual authority, express or implied, has been granted to such individual.... To hold the principal liable under this agency theory, a party must establish that it has been induced to act in good faith upon certain representations made to it by the principal.... Such representations must point unmistakably to an agency relationship; the doctrine cannot be invoked if the principal's conduct is of such character that it would be unreasonable to conclude that he intended to be bound.

695 F.2d at 945 (citations omitted). The question that we must resolve, then, consists in whether Turrill presented sufficient summary judgment evidence to invoke the apparent authority theory of agency.[2]

We hold that he did. We find circumstances indicating an agency relationship in a federal statute that affirmatively obligated American Airlines to assure that Turrill received all benefits to which the Master

---

**1.** LINA argues that the district court erred in finding that the American Airlines "Accident/Incident Report", which Turrill's supervisor prepared on May 30, 1979, constituted adequate notice of claim under the Master Policy. We perceive no reversible error. Although the Report does not by terms indicate Turrill's intention to claim benefits, it supplies enough details regarding the date and manner of his accident as well as the nature of his injuries to raise an issue of fact as to its sufficiency as a

notice of claim. Thus, while the district court mistakenly purported to decide the question in summary judgment proceedings, the error did not prejudice LINA since the case is remanded for trial. *See* Fed.R.Civ.P. 61 (stating harmless error standard).

**2.** We do not intend, of course, to foreclose Turrill from presenting a different agency theory upon remand to the district court.

Policy entitled him. Under the Employee Retirement Income Security Act of 1974 (ERISA), Pub.L. No. 93–406, § 404(a)(1), 88 Stat. 829, 877 (1974) (codified at 29 U.S.C. § 1104(a)(1) (1982)), an employer who, like American Airlines, provides disability benefits through a group insurance policy owes fiduciary duties to the participating employees and their beneficiaries. *See* 29 U.S.C. § 1104(a)(1) (1982) ("[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries.") The fiduciary obligations of such an employer easily include responsibility to take care that the insurance company receives documentation necessary under the group policy to achieve recovery on a just benefits claim.[3] This is especially so if the documentation is already in the agent's hands. ERISA thus obliged American Airlines to exercise care and diligence in assuring compliance with the proof of loss requirements of the Master Policy. It also required the employer to provide to participating employees extensive information regarding the plan. 29 U.S.C. § 1021 (1982).

We hold that proof of an employer's ERISA-based reporting and fiduciary responsibilities with respect to a group insurance policy in itself raises an issue under Texas law as to the existence of an agency relationship between the employer and group insurer. In so holding, we but recognize the practical effect of such duties upon the dealings of an employer and group insurer with each other. ERISA compels the employer (or other plan fiduciary) to act affirmatively in administering and providing information on its employee benefits plan. In cases involving group policies, the requisite employer's efforts include determining employees' eligibility for coverage, enrolling them in the plan and group policy, advising them as to scope of benefits, collecting and forwarding premiums, and helping employees file claims. An insurance company normally performs those functions. But in group insurance situations where ERISA applies, the employer and group insurer typically develop a course of dealing in which the employer substitutes for the insurer in a relationship that ERISA impliedly may require.

Under these circumstances, courts may properly infer an agency relationship. The group insurer's failure to disavow the sufficiency of the employer's performance of functions that ERISA requires the employer to perform can properly lead to a conclusion that the group insurer is representing that an agency relationship exists as to those functions. *See Wells Fargo*, 695 F.2d at 945 (negligent manifestation of assent to agency sufficient to show representation of agency by principal). Moreover, given that ERISA makes the employer the employee's chief and often only source of information regarding claims and benefits, we may also presume that the employees rely upon the representation of agency. *See id.* (holding that third parties must rely on representation). Under usual Texas principles of law, then, Turrill sufficiently raised an issue of fact as to an American Airlines agency relationship requiring it to receive information regarding proofs of loss and to prepare written claims.

The summary judgment denied the possibility of proving an agency role of American Airlines in evaluating the timeliness of Turrill's proof of loss. In deciding the timeliness issue, the court focused on the proof of loss form that Turrill filed with LINA more than two years after his accident. Because we hold that Turrill raised an issue of fact as to the agency of American Airlines to receive and prepare proofs of loss for LINA, we remand the case for trial to include a determination of timeli-

---

**3.** The legislative history of ERISA contains the following, relevant passage:

> [T]he person who holds the [insurance] contract is to be a fiduciary and is to act in accordance with the fiduciary rules [of ERISA] ... with respect to these contracts. For example, this person is to prudently take and keep exclusive control of the contracts, and is to use prudent care and skill to preserve this property.

H.R.Rep. No. 1280, 93d Cong., 2d Sess. 298, *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 5038, 5079 (setting out House Conference Report).

ness in light of the various documents that Turrill and others submitted to American Airlines following his injury.

### III.

LINA nonetheless argues that we should uphold the summary judgment (1) because the Master Policy did not cover Turrill's disability and (2) because, assuming the agency of American Airlines, Turrill failed to comply substantially with the proof of loss requirements of the Master Policy. We may quickly dispose of the second issue. Texas law requires only substantial compliance with the proof of loss provisions of an insurance contract. *E.g., Henry v. Aetna Casualty and Surety Co.,* 633 S.W.2d 583, 584 (Tex.Ct.App.—Texarkana, writ ref'd n.r.e.). Although interpretation of an unambiguous contract raises purely legal questions that a court may resolve as a matter of law, *e.g., Carpenters Amended and Restated Health Benefit Fund v. Holleman Construction Co.,* 751 F.2d 763, 766 (5th Cir.1985), whether a party has substantially complied with the terms of the contract presents a pure question of fact that the trier of fact alone may decide. We accordingly decline LINA's invitation to weigh the summary judgment evidence.

LINA's second argument raises a closer but quite similar question: whether the Master Policy covered Turrill's disability. The policy provided that it insured "against specified loss [including permanent total disability] ... resulting directly and *independently of all other causes* from bodily injuries caused by [an] accident while this policy is in force...." LINA relies upon the italicized language to support its contention that Turrill's pre-existing, arthritic condition precluded him from recovering benefits for permanent total disability under the Master Policy. We are not persuaded because an issue of fact—whether Turrill's pre-existing condition proximately caused his disability—precluded summary judgment against him on the coverage question.

Under Texas law, where a "cause" other than the accident contributes only "remotely" to the disability, the "independently of all other causes" language in an exclusion of coverage clause does not defeat recovery. *See Sekel v. Aetna Life Insurance Co.,* 704 F.2d 1335, 1337 (5th Cir.1983); *Stroburg v. Insurance Co. of North America,* 464 S.W.2d 827, 829 (Tex. 1971). Only where the disease or other infirmity proximately and concurrently causes the disability does the exclusion clause defeat recovery. *See Sekel,* 704 F.2d at 1337 (distinguishing other clauses that exclude coverage where even remote causes concur with the accident in causing harm); *Mutual Benefit Health & Accident Ass'n v. Hudman,* 398 S.W.2d 110, 115 (Tex.1965). LINA's argument thus resolves itself into a question of whether Turrill's preexisting, arthritic condition "remotely" or "proximately" caused his disability.

We recognize that the summary judgment evidence may have preponderated in favor of finding proximate rather than remote causation. There is deposition testimony that Turrill's arthritis hindered his capacity to work before the accident. We cannot say, however, that no issue remains for trial. The evidence showed that Turrill worked until his accident and that he has not worked since. Turrill thus raised a genuine issue as to causation with respect to his disability. Fed.R.Civ.P. 56(c). The trier of fact rather than this court must resolve the dispute.

### IV.

We hold that Turrill sufficiently raised factual questions so as to preclude summary judgment against him. Whether American Airlines acted as LINA's agent in receiving proofs of loss, whether Turrill substantially complied with the Master Policy proof of loss requirement, and whether Turrill's pre-existing condition proximately caused his disability so as to bar recovery are all issues for resolution at trial. We

remand to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.