**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Lou Ann MOORE, Defendant.**

**Lou Ann MOORE, Counter–Plaintiff,**

v.

**SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY,**
Counter–Defendant.

**Civ. A. No. J90–0114(L).**

United States District Court
S.D. Mississippi,
Jackson Division.

April 28, 1992.

Robert F. Stacy, Jr., Ott, Purdy & Scott, Jackson, Miss., for plaintiff.

Paul E. Rogers, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Cary Moore died when the automobile he was driving crashed into a building and burst into flames. At the time of the crash, Mr. Moore was insured under an accidental death policy issued by Southern Farm Bureau Life Insurance Company (Southern Farm). Following his death, his wife and beneficiary, Lou Ann Moore, sought to recover benefits under the Southern Farm policy. Southern Farm, however, denied coverage asserting that Mr. Moore's death was not due solely to an accidental injury, as defined in the policy, but was caused by or contributed to by a pre-existing disease or bodily infirmity, a brain tumor, and thus was excluded from coverage. Under the coverage portion of Southern Farm's policy, covered injury was defined as "bodily injury caused by an accident resulting directly and independently of all other causes of loss covered by this policy."

The following exclusion also appeared in the policy:

A loss that is a result of or contributed to by one of the following is not a covered loss even though it was caused by an accidental bodily injury:

(1) A disease or infirmity of the mind or body.

Southern Farm brought this action seeking by way of declaratory judgment an adjudication that it has no liability under its policy. Lou Ann Moore filed a counterclaim against Southern Farm in which she contended that she was entitled to the accidental death benefit provided in the policy. The evidence introduced at trial demonstrated that Mr. Moore was likely alive at the time his car crashed into the building, and though he had an existing brain tumor, he would not have died when he did but for the injuries received in the accident. That is, the impact and/or fire was the immediate cause of death. However, the accident would not have occurred but for the brain tumor, which caused Mr. Moore to black out while driving. Thus, a pre-existing infirmity or disease was a cause of the accident, but death was caused solely as a result of injuries suffered in the accident and not by virtue of the disease or infirmity itself. The jury returned a verdict for Lou Ann Moore, and the case is now before the court on the motion of plaintiff/counterdefendant Southern Farm Bureau Insurance Company for judgment as a matter of law or in the alternative for a new trial. Defendant/counterplaintiff Lou Ann Moore has responded and the court has considered the memoranda of authorities submitted by the parties. Mrs. Moore has also filed a motion for an award of attorney's fees and expenses, to which Southern Farm has responded.

There are numerous Mississippi cases construing the reach of accidental death coverage and exclusion provisions. Most of those cases, however, address situations in which injuries sustained by an insured in an accident aggravate or make active a pre-existing disease or infirmity, and the two combine to cause death, *see, e.g., Peerless Ins. Co. v. Myers*, 192 So.2d 437 (1966) (under accidental death policies, "recovery may be had where the accidental injury aggravates, renders active, or sets in motion a latent or dormant preexisting condition or disease, which in turn contributes to the disability or death for which recovery is sought and where the accidental injury is a proximate cause of the resulting loss."); *Mutual of Omaha Ins. Co. v. Deposit Guaranty Bank and Trust Co.*, 246 Miss. 640, 151 So.2d 816 (1963); *United States Fidelity and Guaranty Co. v. Hood*, 124 Miss. 548, 87 So. 115 (1921), and they thus provide little or no guidance for the court.

■ No Mississippi cases have been found which address a scenario similar to that now before the court. In its post-trial motion, Southern Farm relies on *Sekel v. Aetna Life Insurance Company*, 704 F.2d 1335 (5th Cir.1983), a Fifth Circuit case applying Texas law, as determinative of the question here presented. While Mrs. Moore is correct in her assertion that *Sekel* is not controlling authority, the court considers it, while not binding, at least instructive in the absence of Mississippi authority on the issue.[1] In *Sekel*, a death was sustained much in the same sequence as here. The only relevant evidence as to death was that Mr. Sekel, the insured, died from a severe head trauma within an hour after falling and sustaining a severe blow to his

1. Throughout the course of this litigation, the parties have apparently assumed that Mississippi law governs the resolution of the issues presented. Southern Farm's motion for summary judgment and the response thereto were argued based on Mississippi law, as was Southern Farm's bench memorandum and the jury instructions submitted and argued by the parties. Since the policy of insurance in dispute was part of a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.,* and ERISA does not expressly address the issue presented by this case, then the court must devise federal common law to resolve the parties' dispute and in doing so, may look to state law for guidance so long as the state law comports with the policies behind ERISA. *Pitts v. American Security Life Ins. Co.,* 931 F.2d 351, 355 (5th Cir. 1991); *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986). Since Mississippi law does not answer the question before the court, the court may look elsewhere for guidance.

head. The immediate cause of death was the blow to the head, but the fall was attributed to a pre-existing bodily infirmity or disease, "severe atherosclerotic and hypertensive cardiovascular disease," which had probably caused Mr. Sekel to pass out. The question with which the court was presented was whether the exclusion in Aetna's policy barred recovery of accidental death benefits respecting a death as to which a bodily infirmity or disease was "a functionally closely related significant contributing factor or cause," but as to which the "more immediately precipitating and proximate cause [was] accidental injury." *Id.* at 1336.

The *Sekel* court observed that under Texas law, two types of exclusion clauses in accidental death policies have been recognized: "those which excluded coverage only when disease was a proximate cause, and those which excluded it when the disease was a more remote cause, of the loss." *Id.* 1337 (citing *Stroberg v. Insurance Company of North America*, 464 S.W.2d 827, 829–31 (Tex.1971). The court's task was thus to determine whether the Aetna exclusion fell into the latter category, "effectively excluding coverage where disease, though a functionally closely related significant contributing factor or cause is nevertheless neither a concurrent proximate nor the most immediately precipitating cause of loss," or whether it fell into the former category, which excluded coverage "only where disease is at least a concurrent proximate cause." *Id.* The court concluded that the exclusion fell into the latter category, observing,

> This language contemplates a situation where "*the* proximate or precipitating cause of loss" is accidental bodily injury, and makes clear that, "*even though*" the accidental injury is *the* proximate or precipitating cause, if disease or bodily injury is also a contributing factor or cause, there is no coverage. Since the exclusion clause by its terms is applicable when *the*

proximate or precipitating cause of loss is an accidental injury, necessarily implicit in its meaning is that other contributing factors or causes which the policy excludes (e.g., "bodily or mental infirmity" or "disease") *need not be concurrent proximate or as immediately precipitating causes* for the exclusion to have effect. Thus, a loss, a functionally closely related significant cause or contributing factor of which is a noncovered risk, is excluded from the policy's accidental death benefits even though a covered risk is the proximate and more immediately precipitating cause of the loss.

*Id.* at 1338 (emphasis in original); *see also Huff v. Aetna Life Ins. Co.*, 120 Ariz. 548, 587 P.2d 267 (Ariz.App.1978) (reaching same result under identical exclusionary clause).

■■ The question presented in this case is whether the exclusion in Southern Farm's policy extends to a disease or bodily infirmity which is an indirect or remote cause of loss, or whether it is instead limited in application to a disease or bodily infirmity which is a proximate cause of the loss.[2] If in the first category, recovery would be barred, and if in the second category, Mrs. Moore would be entitled to the accidental death benefits provided by the policy. From the court's review of the *Sekel* decision, as well as decisions from courts of other states, it appears that an exclusion from coverage of a loss resulting from or contributed to by a bodily disease or infirmity—the language appearing in Southern Farm's exclusion—would preclude recovery only when the disease or bodily infirmity was a proximate cause of the loss, or a concurring proximate cause; remote causes would not bar recovery. *See Sekel*, 704 F.2d at 1338 n. 1; The issue, then, is whether the "even though" clause contained in Southern Farm's exclusion renders remote causes preclusive of recovery. According to Southern Farm, *Sekel* compels the conclusion that its "even

---

**2.** The court is of the opinion that unless the exclusion bars recovery, Mrs. Moore is entitled to recover, since "[a] preexisting condition, if only a remote and predisposing cause of death, does not preclude recovery of accidental death benefits, ... [e]ven if the governing policy specifically requires death be caused by an accidental injury 'directly and independently of all other causes.' " *Brock v. Firemens Fund of America Ins. Co.*, 637 S.W.2d 824 (Mo.App.1982).

though" clause precludes coverage even where the infirmity or disease is not a proximate cause but rather a remote causes of death. The court, however, finds that there are significant differences between the Aetna exclusion and the Southern Farm exclusion, and that the language of Southern Farm's exclusion is not nearly as clear and specific on this point as was the language of the *Sekel* exclusion.

Unlike the Aetna policy in *Sekel*, the Southern Farm policy does not clearly and unambiguously distinguish between proximate or direct causes on the one hand and remote or indirect causes on the other. The "even though" clause contained in the *Sekel* policy referred to *"the proximate or precipitating* cause" and thereby necessarily contemplated exclusion where bodily disease or infirmity indirectly contributed to a loss.[3] That clause would thus have been rendered a nullity if interpreted to exclude only proximate or proximate contributing causes. *Sekel*, 704 F.2d at 1339–40. That is not the case here. The Southern Farm policy does not clearly and effectively differentiate between proximate and remote causes, but rather speaks in terms of causes generally. Since the "even though" clause contained in Southern Farm's policy makes no reference to "the proximate cause" of the loss being accidental injury, as did the exclusionary clause in *Sekel*, then the language of the exclusion can reasonably be interpreted to exclude a loss contributed to by a bodily infirmity or disease when that bodily infirmity or disease is a concurring proximate cause. That is, if *a* proximate cause of the loss is accidental bodily injury, then if bodily infirmity or disease is also *a* proximate cause of the loss, recovery will be barred. But the policy does not unambiguously bar recovery where bodily infirmity or disease is merely a remote cause. *See Huff v. Aetna*

*Life Ins. Co.*, 587 P.2d at 269 (unless policy effectively and unambiguously disclaims coverage where the disease or bodily infirmity was not the proximate cause of the loss, "the courts of this country uniformly would not bar recovery under the policy where the preexisting infirmity merely led to an accident which in turn produced a distinct injury of loss"); *Salisbury v. John Hancock Mutual Life Ins. Co.*, 259 Or. 453, 486 P.2d 1279, 1280 (1971) (if defendant insurer "intend[ed] that policy not cover death caused solely as a result of injuries sustained in an accident where a cause of the accident is infirmity or disease, it should have more clearly expressed such intention."). As the court interprets Southern Farm's exclusion, it relates only to the cause of the death and not to the cause of the accident, for the cause of the accident is but a remote cause of the death. *See Salisbury*, 486 P.2d at 1280 (exclusion from coverage related to cause of death, not cause of accident); *National Life and Accident Co. v. Franklin*, 506 S.W.2d 765, 767 (Tex.Civ.App.1974) (where evidence revealed that insured died of drowning and proof was submitted that epileptic seizure caused insured to fall in bath tub, court held that "[t]he epilepsy was merely a cause of a cause and was therefore too remote to bar recovery.").

The court finds that the remaining issues raised by Southern Farm's motion for judgment as a matter of law are without merit and the motion will be denied.

■ Mrs. Moore has requested an award of attorney's fees which, under ERISA, may be awarded in the court's discretion, 29 U.S.C. § 1132(g), guided by consideration of certain factors specifically enumerated by the Fifth Circuit. *See Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980). These factors include:

---

**3.** In *Huff v. Aetna Life Insurance Co.*, 120 Ariz. 548, 587 P.2d 267 (1978), a case interpreting and applying the identical Aetna exclusion as was found in the *Sekel* policy and cited by the *Sekel* court as supportive of its holding, the Arizona Court of Appeals concluded that the language of Aetna's exclusionary clause was sufficient to bar recovery when the disease (there a myocardial infarction) was the remote or indirect cause rather than the proximate or direct cause of the loss or death. The court in *Huff* observed that the use of the phrase "as a consequence of" bodily disease or infirmity by definition referred to indirect causes, since "Consequential (is defined as) 'of the nature of secondary result; Indirect[;]' ... 'an indirect or secondary loss ...' " *Huff*, 587 P.2d at 269, 269 n. 2.

1. The degree of the opposing party's culpability or bad faith;
2. The ability of the opposing party to satisfy an award of fees;
3. Whether an award of fees against the opposing party would deter others from acting under similar circumstances;
4. Whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
5. The relative merits of the parties' positions.

*Id.* at 1266. Two of these factors are undisputed: The parties agree that Southern Farm has the ability to satisfy an award of attorney's fees and neither party contends that the other party's position in this action was without merit. Considering the other factors, the court in its discretion declines to award attorney's fees and expenses in this case. It appears from the record in this case that Southern Farm may have acted precipitously in filing a declaratory judgment action prior to formally denying Mrs. Moore's claim for policy benefits and without affording Mrs. Moore the benefit of the review procedures established by ERISA and the plan documents. The court cannot conclude, however, that this step by Southern Farm was improperly motivated. When this action was filed, Southern Farm had evidence that Mr. Moore's death was caused by a brain tumor,[4] or that it was at least, according to its interpretation of the policy, contributed to by a brain tumor. There was no bad faith in Southern Farm's decision to submit the question of causation to the court for resolution. In light of this conclusion, it cannot be said that an award of attorney's fees against Southern Farm would deter the company from denying future claims or making what are arguably improvident procedural moves. Finally, the court recognizes that the resolution of this case may impact Southern Farm's actions in future cases, but the court is persuaded that Mrs. Moore's claim was intended for her own benefit and not the benefit of all participants and beneficiaries, and it was not intended to resolve a significant legal question under ERISA. Her claim for attorney fees will, therefore, be denied.

Based on the foregoing it is ordered that Southern Farm's motion for judgment as a matter of law is denied. It is further ordered that Lou Ann Moore's motion for an award of attorney's fees is denied.

---

4. The original death certificate listed "brain tu-    mor" as the cause of death.